SEALED

FILED
October 7, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: BT
Deputy

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**Case No: SA:26-CR-00505-XR**

**UNITED STATES OF AMERICA**

**Plaintiff**

**v**

**(1) JOHN MANUEL VARGAS**
[redacted]

**Defendants**

**INDICTMENT**

**COUNT 1:** 18 U.S.C. §933(a)(3)
Firearm Trafficking Conspiracy

**COUNTS 2-4:** 18 U.S.C. §922(g)(1)
Felon in Possession of a Firearm

**COUNT 5:** 18 U.S.C. §922(o)
Possession of a Machine Gun

**COUNT 6:** 18 U.S.C. § 922(a)(1)(A)
Dealing in Firearms Without a License

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**(18 U.S.C. § 933(a)(3))**

Beginning on or about June 7, 2026 and continuing through on or about July 20, 2026, in the Western District of Texas, Defendants,

**(1) JOHN MANUEL VARGAS and**
[redacted]

and others, did conspire to ship, transport, transfer, cause to be transported, or otherwise dispose of at least one firearm, to wit: a Smith and Wesson, model SD9VE, 9mm caliber pistol, serial number FZR2680, a Sig Sauer, model P320-M17, 9mm caliber pistol, with an obliterated serial number, a Glock, model 17V, 9mm caliber pistol, serial number CGLV803, and a Glock, 19X, 9x19mm pistol bearing serial number CERF584, equipped with a machinegun conversion device, to another person in or otherwise affecting commerce, knowing or having reasonable cause to

believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, to wit, Smuggling Firearms from the United States, in violation of Title 18, United States Code, Section 554 in violation of Title 18, United States Code, Section 933(a)(3).

**COUNT TWO**
**(18 U.S.C. §922(g)(1))**

On or about June 8, 2026, in the Western District of Texas, the Defendant,

**(1) JOHN MANUEL VARGAS**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed at least one firearm, to wit, a Smith and Wesson, model SD9VE, 9mm caliber pistol, serial number FZR2680, and the firearm had travelled in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT THREE**
**(18 U.S.C. §922(g)(1))**

On or about June 24, 2026, in the Western District of Texas, the Defendant,

**(1) JOHN MANUEL VARGAS**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed at least one firearm, to wit, a Glock, model 17V, 9mm caliber pistol, serial number CGLV803, and the firearm had travelled in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT FOUR**
**(18 U.S.C. §922(g)(1))**

On or about July 20, 2026, in the Western District of Texas, the Defendant,

**(1) JOHN MANUEL VARGAS**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed at least one firearm, to wit, a Glock, 19X, 9x19mm

pistol, serial number CERF584, equipped with a machinegun conversion device, and the firearm had travelled in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT FIVE**
**(18 U.S.C. §922(o))**

On or about July 20, 2026, in the Western District of Texas, the Defendant,

**(1) JOHN MANUEL VARGAS**

did knowingly possess at least one machinegun, to wit: a Glock, 19X, 9x19mm pistol, serial number CERF584, equipped with a machinegun conversion device, that made the pistol capable of firing automatically more than one shot, without manual reloading, by a single function of the trigger, in violation of Title 18, United States Code, Section 922(o).

**COUNT SIX**
**(18 U.S.C. § 922(a)(1)(A))**

Beginning on or about June 7, 2026 and continuing through on or about July 20, 2026, in the Western District of Texas, Defendant,

**(1) JOHN MANUEL VARGAS**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
**[*See* Fed. R. Crim. P. 32.2]**

**I.**
**Firearm Violations and Forfeiture Statutes**
**[Title 18 U.S.C. §§ 922(g)(1), (o), and (a)(1)(A), and 933(a)(3) subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth above, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 924. Penalties**
> **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a) . . . of section 922 . . . or 933 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . . .

**II.**
**Firearm Violation and Forfeiture Statutes**
**[Title 18 U.S.C. § 933(a)(3) subject to forfeiture pursuant to Title 18 U.S.C. § 934(a)(1)(A) and (B)]**

As a result of the criminal violation set forth above, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. Forfeiture and Fines.**
> **(a) Forfeiture. --**
> **(1) In general**. -- Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law--
> (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
> (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . .

**III.**
**Money Judgment**

**Money Judgment:** A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violation set forth in Count One for which each Defendant is solely liable.

**IV.**
**Substitute Assets**

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of the money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

[redacted]

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: Joseph Blackwell
For Sarah Wannarka
Assistant U.S. Attorney